Pearson, J.
 

 Jonas Jones died, leaving him surviving his wife and three children, having made and published his last will, by which he devised to his wife a tract of land called the
 
 u
 
 Fountain Williams Place ” for life, and then to his daughter Frances in
 
 *178
 
 fee; to Ms son Amos all the land called and known as the
 
 u
 
 Home plantation,” including the dwelling house, &c.; and to his other daughter, Susan, the
 
 u
 
 Cross roads plantation,” and all the improvements and appurtenances thereunto belonging. These were several and distinct tracts of land, not adjoining. On the Fountain Williams place, there was
 
 a house,
 
 but it was much out of repair, and had not been inhabited for several years. On the home plantation, there was a convenient dwelling house, <fcc., in good repair, and the devisor had lived there for many years before his death.
 

 The widow dissented from the will, and a jury was summoned to allot her dower. The jury laid off to her as dower more than one third of the home plantation, including the a dwelling house, out houses and improvements thereunto belonging,” and gave her no part of the other tracts of land; but, without assigning it by metes and bounds, gave her the privilege of getting Avood and feeding stock on the other woodland. A previous jury had made a report and assignment of dower, which Avas set aside; and a motion was made to set aside the assignment in question upon several grounds. The County Court OA^erruled the objections, and in the Superior Court many of the objections were taken. We consider it only necessary to discuss three of them, as the others Avere abandoned in this Court; and in regard to them Ave concur with his Honor, that being merely formal, they came too late, being made for the first time in the Superior Court.
 

 There are three objections going to the merits: 1, Had the jury a right to disregard the provisions of the avüI, and assign doAver on the
 
 u
 
 home plantation,” including the dwelling house, &c.? Or was the juiy obliged to lay off the dower on the land devised to the.AvidoAV, and make up the deficiency, if any, out of the other lands?
 

 This raises the same question, which we have decided at this Term, in
 
 Hunter
 
 v.
 
 Husted,
 
 in reference to the right of the widow to a slave, of the personal estate of John McLeod; and we refer to the opinion delivered in that case, in illustration of our vietvs upon this. The Avidotv claims dotver, not as a bouuty from her husband, but as a right secured to her by laAV. She has her
 
 *179
 
 election, and may take the provision intended to be made for her by the
 
 will;
 
 or may dissent and claim as her dower, one third of the lands of which her husband died seised, including the dwelling house, improvements, &c. This right is expressly protected by declaring that all conveyances, made with an intent to defraud the widow of the dower to which she is entitled, shall be void. The 5th sec. of the 71st ch. Rev. Statutes, declares it to be the duty of the jury “to allot to the petitioner her dower, according to the provisions of this Act, deranging in as small a degree as practicable the devises of her husband’s will.”
 

 The question is, does this clause control and abrogate the express enactment that the jury, in assigning the dower, shall include the dwelling house and improvements ? Does it have the effect of compelling the widow to give up her right to dower, and take, against her will, and notwithstanding her dissent, any land the husband may have intended for her, with a right to have the deficiency in value made up ? Can the husband, in the face of an express provision giving her the right to have the dower so laid off as to include the house in which they have lived, by an implication from this clause, deprive her of this right, and force her to take an old house which had been considered unfit to live in for several years? Is she, at the discretion of a husband from whose last will the law gives her a right to dissent, to give up the house in which she is living, or to go and repair an old house or make a new one, for the benefit of the person who may be entitled to it after her death?
 

 The Statute, taken as a whole, and making each section stand together, cannot, by a proper and natural construction, be made to mean any such thing. As to the effect of “ deranging in’as small a degree as practicable the
 
 devises
 
 of the will, and the effect of the Act of 1791, which is omitted m the Statute of 1836, that is discussed and disposed of in the opinion delivered at tins Term, in
 
 Hunter
 
 v. Husted, to which reference is made. This settles the main and important question in the cause.
 

 2. Had the jury a right to assign dower altogether in one tract, or was it their duty to assign as dower one third of each of the tracts? This involves the construction of the 3rd sec. of ch. 71, Rev,
 
 *180
 
 Statutes, which provides, that in assigning dower,
 
 “
 
 the jury shall not be restricted to sssign a third of every separate and distinct tract, but may assign all of the dower in one tract, having a due regard to the interest of the heirs, as well as the rights of the widow. It is insisted that by the omission of the word “devises,” the case of a widow who dissents is not provided for, and stress is put upon the word “ heirs.” An obvious reply and explanation of this matter is, that the section cited is taken from the Act of 1827, which was enacted while the Act of 1791 was in force. That Act is omitted in
 
 the
 
 Statute of 1836; but the
 
 Act
 
 of 1827 is inserted in its original words, which are explained and made consistent with the other sections of the Statute by the 3rd section, which declares it to be the duty of the jury to allot to the petitioner (a widow who dissents) her dower,
 
 according to the provisions of this
 
 Act, deranging in as small a degree, &c.
 

 The 22nd sec. of ch. 71, which gives to a widow who dissents a year’s provision, and which was passed at -the session of 1827, shows that it was the intention of the Legislature to put a widow, who dissents, upon the same footing
 
 in all respects,
 
 as if die husband had died intestate.
 

 That part of the assignment of dower, which gives the privilege of fire-wood and feeding stock on the other wood-land, is clearly erroneous; but the petitioner has obviated the objection by entering a
 
 remittitur
 
 as to that part of the report of the jury, and it is thus stricken out as surplusage. In this particular, the judgment of the Court below is reversed, and it is affirmed as to the balance.
 

 Per Curiam. Judgment accordingly.